IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE BOYD | § | |
| VS. | § | CIVIL ACTION NO. 9:19-cv-111 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Kenneth Wayne Boyd, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background and Prior Proceedings

On September 11, 2017, following a trial by jury in the 145th Judicial District Court of Nacogdoches County, Texas, Petitioner was convicted of two counts of possession of a controlled substance. Petitioner was sentenced to a term of ninety-nine years' imprisonment for Count One and twenty years' imprisonment for Count Two, to run concurrently.

Petitioner appealed his convictions to the Twelfth Court of Appeals in Tyler, Texas. On June 29, 2018, the appellate court affirmed the trial court's judgment. *See Boyd v. State*, No. 12-17-00360-CR, 2018 WL 3203430 (Tex. App. - Tyler June 29, 2018, pet. ref'd). The Texas Court of Criminal Appeals refused Petitioner's Petition for Discretionary Review on December 12, 2018. *Id.*

On February 14, 2019, Petitioner filed a state Application for Writ of Habeas Corpus. On May 8, 2019, the Texas Court of Criminal Appeals denied the Application without written order based on findings of the trial court without a hearing. Petitioner filed this Petition on June 17, 2019.

## The Petition

Petitioner filed this Petition for Writ of Habeas Corpus asserting the following grounds for review: (1) he was denied the effective assistance of both trial and appellate counsel because they failed to show Petitioner was in custody when stopped; (2) he was denied the effective assistance of counsel at all stages of the trial pertaining to his mental health issues; and (3) the prosecution engaged in misconduct by striking African-American jurors from the voir dire panel.

## The Response

The Respondent was ordered to show cause why relief should not be granted. In response, the Respondent asserts a general denial, denying all of Petitioner's assertions of fact, except those supported by the record or specifically admitted in the response. The Respondent contends the petition should be dismissed because Petitioner has failed to show the state court resolution of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, the Respondent asserts that the petition should be denied and dismissed with prejudice.

## Standard of Review

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 generally prohibits a Petitioner from relitigating issues that were adjudicated on the merits in state court proceedings, with two exceptions. *See* 28 U.S.C. § 2254(d). The first exception allows a Petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.*

This court must accept as correct any factual determinations made by the state courts unless the Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair

hearing is not a precondition according to § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review).

Analysis

I.    *Ineffective Assistance of Counsel*

    A.    Substantive Law

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. A defendant's Sixth Amendment right to counsel attaches at all critical stages in the proceedings "after the initiation of formal charges." *Moran v. Burbine*, 475 U.S. 412, 431 (1986).

The Supreme Court has addressed the issue of what a Petitioner must prove to demonstrate an actual ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668 (1984). In order to show that counsel was ineffective a Petitioner must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. To establish deficient performance, a Petitioner must show that counsel's actions "fell below an objective standard of reasonableness." *Id*. at 689. In evaluating counsel's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*. at 689.

In order to prove the prejudice prong, "there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Coleman v. Vannoy*, 963 F.3d 429, 433 (5th Cir. 2020) (internal quotation omitted). Further, a "petitioner must affirmatively prove, not just allege, prejudice." *Id*. (internal quotation omitted). "A reasonable

4

probability is a probability sufficient to undermine confidence in the outcome." *Harrington v. Richter,* 562 U.S. 86, 104 (2011). To satisfy the prejudice prong, the "likelihood of a different result must be substantial, not just conceivable." *Id.* at 112.

In order to prevail on an ineffective assistance of counsel claim, a Petitioner "must meet both the deficient performance and prejudice prongs of *Strickland*." *Wong v. Belmontes*, 588 U.S. 15, 16-17 (2009). If a Petitioner fails to prove the prejudice part of the test, the court need not address the question of counsel's performance. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

When a Petitioner brings an ineffective assistance claim under the AEDPA, the relevant question is whether the state court's application of the deferential *Strickland* standard was unreasonable. *See Beatty v. Stephens*, 759 F.3d 455, 463 (5th Cir. 2014). "Both the *Strickland* standard and AEDPA standard are 'highly deferential,' and 'when the two apply in tandem, review is doubly so.'" *Id.* (quoting *Harrington*, 562 U.S. at 105).

B.    Application

1.    Custodial Stop and Interrogation

In his first ground for relief, Petitioner claims he was denied the effective assistance of counsel both at trial and on appeal because counsel failed to show Petitioner was in custody when stopped. Petitioner claims he was subjected to a custodial stop and interrogation associated with a formal arrest, but he did not receive *Miranda* warnings.

The state habeas court made the following findings of fact and conclusions of law regarding Petitioner's claims against counsel:

**FINDINGS OF FACT**

1. In Ground Number l the Applicant claims that both his trial and appellate counsel were ineffective by failing to show that the Applicant was in custody when he made

5

a statement without being given his 38.22 warnings. His trial counsel asked for and received a motion to suppress hearing on that same issue, and it was denied. His appellate attorney argued that the trial court ruling denying the motion to suppress was incorrect. See Exhibit 3, the affidavit of his appellate counsel. All of the evidence is clear that the Applicant was handcuffed due to a Terry Stop. He was not in custody for purposes of 38.22 warnings. All of the facts of the stop are in the Appellate Order marked as Exhibit1. Since the factual portion of the Applicant's Ground Number 1 is incorrect there is no need to do an analysis as to whether the attorneys' performance fell below a reasonable standard.

. . .

## CONCLUSIONS OF LAW

1. In Ground One, the trial and appellate attorneys' performances did not fall below any objective standard. Applicant claims that both failed to argue that his Miranda/ 38.22 rights were violated. The evidence is just the opposite. Both did.

(Doc. #15-8 at *67-68).

    *a.    Trial Counsel*

The Fourth Amendment prohibits unreasonable searches and seizures by police. *United States v. Shabazz,* 993 F.2d 431, 434 (5th Cir. 1993). "The stopping of a vehicle and detention of its occupants by a police officer is a "seizure" under the Fourth Amendment. *See United States v. Brigham,* 382 F.3d 500, 506 (5th Cir. 2004). The legality of traffic stops by police officers are analyzed under the two-tiered reasonable suspicion framework established in *Terry v. Ohio,* 392 U.S. 1 (1968). *Id.* Using this framework, courts first examine "whether the officer's action was justified at its inception and then inquire whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop." *United States v. Henry*, 37 F.4th 173, 176 (5th Cir. 2022). "A detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop, unless further reasonable suspicion, supported by articulable facts, emerges." *Id*.

On direct appeal, when considering Petitioner's challenge to his Motion to Suppress Evidence, the state court found the following:

Officer Cefalu testified at the suppression hearing that he was dispatched to a gas station in response to an aggravated robbery. The gas station clerk reported that a subject entered the store wearing a red mask and dark clothing and held the clerk up at gunpoint. Cefalu testified that he arrived at the gas station within "a couple

minutes." As he approached the store, he saw a vehicle appear from behind the church next door to the gas station. No other vehicles were in the church parking lot and 8:00 in the morning was early for anyone to be at the church. Sergeant Keith Hawkins with the Nacogdoches Police Department, who was with Cefalu, told him to stop the car. When Cefalu initiated the traffic stop, the vehicle did not immediately stop. Cefalu testified that it "slow-rolled a little bit" before pulling into the gas station's parking lot. Cefalu stated that he had a reasonable suspicion that the car leaving the church was involved in the aggravated robbery because it was reported that the suspect fled on foot in the direction of the church.

When viewed within the totality of the circumstances, these facts gave rise to specific, articulable facts that, combined with rational inferences from those facts, would lead Cefalu to conclude that Appellant had been engaged in criminal activity. *See Derichsweiler*, 348 S.W.3d at 914; *see also Woods*, 956 S.W.2d at 38. Thus, Cefalu was justified in conducting a temporary detention. *See Ford*, 158 S.W.3d at 492. Appellant's first issue is overruled.

*Boyd*, 2018 WL 3203430 at *2-3.

These facts indicate that the officer had articulable reasonable suspicion that plaintiff had been engaged in criminal activity, justifying the temporary detention. Trial counsel filed a Motion to Suppress arguing that Petitioner's initial detention was unlawful and his statements to law enforcement were made without the required warnings. *Boyd*, 2018 WL 3203430 at *1. While the trial court denied the Motion to Suppress, Petitioner has failed to show counsel's conduct was deficient or that he was prejudiced as a result of counsel's alleged deficiency.

Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that counsel's performance was not unconstitutional. Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's ground for relief should be denied.

b.   *Appellate Counsel*

The *Strickland* analysis also applies to claims of ineffective assistance of appellate counsel. *Amador v. Quarterman*, 458 F.3d 397, 411 (5th Cir. 2006). A Petitioner's claim of ineffective assistance of counsel must be stated with specificity. *See United States v. Demik*, 489 F.3d 644, 646-

7

47 (5th Cir. 2007). Conclusional allegations and generalized assertions will not suffice to require an evidentiary hearing. *Id.* Mere allegations of prejudice are insufficient; Petitioner must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

In order to show ineffective assistance of counsel on appeal, Petitioner must show: (1) counsel acted unreasonably in failing to discover arguable, nonfrivolous issues for appeal and (2) he suffered prejudice, namely that there is "a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel need not raise frivolous issues to render effective assistance on appeal. Further, appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* at 288.

Appellate counsel raised two issues on appeal contending the trial court abused its discretion when in denying Petitioner's Motion to Suppress. *Boyd*, 2018 WL 3203430 at *1. The judgment of the trial court was affirmed on appeal. *Id.* The fact that the judgment of the district court was affirmed on appeal does not necessarily mean appellate counsel provided ineffective assistance of counsel. Petitioner's claims regarding appellate counsel are unsupported by the record, and Petitioner has failed to satisfy his burden of proof regarding the state court determination.

For the reasons set forth above, Petitioner has failed to show either deficient performance or prejudice regarding appellate counsel. As a result, Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination. Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's ground for relief should be denied.

2.    Mental Health

Next, Petitioner claims he was denied the effective assistance of counsel at all stages of the trial pertaining to his mental health issues.  Petitioner claims counsel was well-informed by both Petitioner and his mother that Petitioner was a mental health patient.  Petitioner claims counsel should have filed a Motion for Pretrial Psychiatric or Psychological Examination to determine Petitioner's competency to stand trial and whether he was sane at the time of the offense.  Petitioner claims this could have provided mitigating evidence about him hearing voices which lead to his usage of crack cocaine.

The state habeas court made the following findings of fact and conclusions of law regarding Petitioner's claims against counsel:

**FINDINGS OF FACT**

. . .

2.   In Ground Number 2, the Applicant claims that his trial counsel was ineffective due to his failure to investigate his mental health issues.  He claims to suffer from "auditory hallucinations, insomnia, increased anger, crying spells, and hears several voices."  He claims he used the cocaine to quiet the voices in his head.  He argues that the evidence of his mental illness should have come out in front of the jury (for the guilty/ not guilty phase) and the judge for the punishment phase.  His trial counsel met with him numerous times for more than three years before the trial. During the entire time the Applicant never gave any indication that he did not understand the nature of the charges against him nor was the Applicant unable to communicate with the trial counsel concerning the facts of his case.  The fact that the cocaine was used to "quiet the voices" in his head could have come out in evidence in front of the jury.  However, that would have been an admission of guilt and it is no legal defense to the charge.  It would have only harmed the Applicant's case.  The Applicant requested a Pre-Sentence Investigation and one was made prior to his sentencing.  The PSI mentioned that the Applicant attended counseling at a mental health center.  It also mentioned that he was diagnosed with PTSD, Bipolar Disorder, and Schizophrenia.  It also listed the medications he took for those mental issues. The trial judge took those things into consideration before sentencing.  The Applicant displayed his mental competence to stand trial for more than three years to his attorney.  His mental condition was taken into account by the judge at the punishment stage.  The trial counsel's performance did not fall below any objective level of reasonableness.  See The Affidavit of Gene Caldwell marked as Exhibit 2.

. . .

9

## CONCLUSIONS OF LAW

. . .

> 2.  In Ground Two, The Applicant complains that the trial attorney's representation was ineffective due to him not putting on evidence before the jury that the Applicant had the cocaine to help him quiet the voices in his head.  To do so at the guilt/ innocence phase would have been an admission of guilt.  Furthermore it is no defense to the charge.  Evidence of his mental illness did come into consideration of the judge at the punishment phase by virtue of the PSI that the Applicant requested.  Thus, the trial counsel was effective.

(Doc. #15-8 at *67-68).

Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that counsel's performance was not deficient or the lack of prejudice.  Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's ground for relief should be denied.

## II.    *Prosecutorial Misconduct*

In his remaining ground for relief, Petitioner contends the prosecution engaged in misconduct by striking African-American jurors from the voir dire panel.  Petitioner claims three panel members were stricken by the prosecution with an "inference of discrimination."

The Equal Protection Clause of the Fourteenth Amendment proscribes the use of a peremptory challenge on the basis of race.  *Sheppard v. Davis*, 967 F.3d 458, 471 (5th Cir. 2020) (citing *Batson v. Kentucky*, 476 U.S. 79, 89 (1986)).  Courts apply a three-step test in determining whether a peremptory challenge was based on race: (1) the opponent of a peremptory strike must first establish a prima facie case of purposeful discrimination; (2) if a prima facie showing is made, the burden shifts to the proponent of the strike to articulate a race-neutral explanation for the challenge; and (3) the trial court then must determine if the opponent of the strike has carried the ultimate burden of providing purposeful racial discrimination.  *Moore v. Vannoy*, 968 F.3d 482, 490 (5th Cir. 2020).  "Unless a

10

discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Purkett v. Elem*, 514 U.S. 765, 768 (1995) (quoting *Hernandez v. New York*, 500 U.S. 352, 360 (1991)).

The state habeas court made the following findings of fact and conclusions of law regarding Petitioner's claim against counsel:

## FINDINGS OF FACT

. . .

3.  In Ground Three, the Applicant complains that the trial judge's decision to accept the "State's race neutral explanations" in a Batson hearing was erroneous.  In his complaint he admits that the State's explanation was race neutral.  The defense attorney challenged the State's striking of juror panelists numbers 2, 3, and 6.  All were African American.  The State struck #2 because he was only 19 years old.  She also struck #'s 9 and 40 for also being young.  The State struck #3 because he or his immediate family used the services of a well-known local criminal defense attorney.  The State struck #6 because she was a suspect in a shoplifting case in Nacogdoches.  All reasons were found to be race neutral.  See Exhibit #4.

## CONCLUSIONS OF LAW

. . .

3.  In Ground Three all the strikes made by the State in Voir Dire were made with race neutral reasons.  The judge's ruling was not erroneous.

(Doc. #15-8 at *67-68).

The state habeas trial court found the prosecutor's proffered race-neutral reasons for striking each of the three African American venire members in question to be credible.  Petitioner has failed to allege specific facts suggesting the state court's credibility finding was erroneous, much less furnished clear and convincing evidence of such.  Accordingly, Petitioner has failed to satisfy his burden of proof regarding the state court findings.

For the reasons set forth above, Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding.  Accordingly, Petitioner's ground for relief should be denied.

<u>Recommendation</u>

The above-styled Petition for Writ of Habeas Corpus should be denied and dismissed.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 12th day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE